**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| **v.** | § CRIMINAL NO. 20-311 |
| | § |
| **SABRINA MARIE ADDISON-** | § |
| **GUILLORY,** | § |
| **Defendant.** | § |

## <u>PLEA AGREEMENT</u>

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Benjamin C. Sandel, Special Assistant United States Attorney, and the defendant, Sabrina Marie Addison-Guillory ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.    Defendant agrees to plead guilty to Count One of the Information.   Count One charges Defendant with Representative Payee Fraud, in violation of Title 18, United States Code, Section 641.  Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.    The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 641, is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.  *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he/she should violate the conditions of any period of

supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal and Collateral Review

2

5.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

3

7.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8.   The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count One of the Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States agrees not to object to an anticipated request by the Defendant for a non-custodial sentence;

(b)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

9.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Information.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

11.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

12.   Defendant understands that by entering into this agreement, he/she surrenders certain

rights as provided in this plea agreement.   Defendant understands that the rights of a defendant

include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, defendant would
have the right to a speedy jury trial with the assistance of counsel.   The trial may
be conducted by a judge sitting without a jury if Defendant, the United States, and
the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other
evidence against Defendant.   Defendant would have the opportunity to confront
those witnesses and his/her attorney would be allowed to cross-examine them.   In
turn, Defendant could, but would not be required to, present witnesses and other
evidence on his/her own behalf.   If the witnesses for Defendant would not appear
voluntarily, he/she could require their attendance through the subpoena power of
the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and
decline to testify, and no inference of guilt could be drawn from such refusal to
testify.   However, if Defendant desired to do so, he/she could testify on his/her
own behalf.

**Factual Basis for Guilty Plea**

13.   Defendant is pleading guilty because he/she is in fact guilty of the charges contained

in Count One of the Information.   If this case were to proceed to trial, the United States could

prove each element of the offense beyond a reasonable doubt.   The following facts, among others,

would be offered to establish Defendant's guilt:

Social Security Administration (SSA) policy allows for the designation of
a Representative Payee to receive retirement benefits on behalf of a beneficiary
who is determined to be incapable of managing their own finances.   The
Representative Payee is obligated to use the money for the beneficiary's care and
support and to advise SSA of any changes in status, such as the beneficiary's death.

At the time of her death on February 26, 2003, Ida Cooper was receiving monthly retirement benefits from SSA.   Approximately four years earlier, in 1999, Ms. Cooper's daughter, Sabrina Marie Addison-Guillory, the defendant, applied to be and was appointed Ms. Cooper's Representative Payee.

The SSA, unaware of Ms. Cooper's passing, mistakenly continued to disperse monthly retirement benefits to defendant for Ms. Cooper.   Defendant did not advise SSA of her mother's passing as she was obligated to do.

As her mother's Representative Payee, Defendant submitted annual "Representative Payee Reports" to SSA.   In these reports, Defendant was required to account for how she spent her mother's retirement benefits and to advise SSA of any changes in her mother's circumstances.   In each report submitted by Defendant after Ms. Cooper's passing, Defendant falsely claimed that she spent the benefits on her mother's care and support.   Although beneficiary's like Ms. Cooper are not required to sign the annual "Representative Payee Reports," on many of the reports submitted by Defendant, Defendant forged Ms. Cooper's signature.   Additionally, although Defendant made numerous changes to the bank accounts into which the monthly benefits were deposited, she continued to neglect to inform SSA of her mother's death.

From March 2003 until benefits ceased in 2018, Defendant received $95,652 in Social Security retirement benefits, money of the United States, intended for her deceased mother.   She stole and converted this money to her own use and the use of others, knowing it was not hers and that she was not entitled to it.   For at least a portion of the time she was stealing these funds, Defendant was a resident of Houston, within the Southern District of Texas.

The United States would also prove that at the time of Ms. Cooper's passing in 2003, she was receiving monthly retirement benefits from the Louisiana Municipal Police Employees' Retirement System (LAMPERS).   Ms. Cooper was receiving these benefits directly and Defendant was not her Representative Payee for LAMPERS benefits.   Defendant, as part of her scheme to continue receiving benefits intended for her deceased mother, used the mails and wire services to

7

defraud LAMPERS by submitting documents as if Ms. Cooper had submitted them herself and forging Ms. Cooper's signature.   From the time of her mother's death until monthly LAMPERS benefits ceased in 2018, Defendant defrauded LAMPERS of $121,078 in benefits intended for her deceased mother.

### Breach of Plea Agreement

14.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

15.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest.   Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

16.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

18.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

Restitution

19.   Defendant agrees to pay full restitution to the victims (SSA and LAMPERS) regardless of the count of conviction.   Defendant agrees that restitution is not limited to the offense of conviction and may include restitution for conduct not charged in the Information.   *See United States v. Adams*, 363 F.3d 363, 366 (5th Cir. 2004) (when convicted pursuant to a plea agreement, the Court looks beyond the charging document and defines the underlying scheme, for restitution purposes, by referring to the mutual understanding of the parties).   The parties mutually understand that the count of conviction was merely one part of the underlying scheme to defraud agencies into continuing to pay Ida Cooper's monthly benefits after her death.   Defendant stipulates and agrees that, as a result of her criminal scheme, the victims (SSA and LAMPERS)

9

incurred a monetary loss of at least $216,730.   This monetary loss includes $95,652 resulting from Defendant's fraud against the SSA (the subject of Count One of the Information) and $121,078 resulting from defendant's fraud against LAMPERS (which conduct is not charged in the Information).   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims.   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.   Defendant understands that nothing in this Plea Agreement limits the authority of any government agency to recover any overpayment as otherwise authorized by law, including an offset against Defendant's future benefits.

**Forfeiture**

20.   Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

21.   Defendant stipulates and agrees that Defendant obtained at least $95,652 from the criminal offense and that the factual basis for her guilty plea supports the forfeiture of $95,652. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.   Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $95,652.   Defendant agrees to the imposition of a personal money judgment in that amount.

10

22.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

26.   This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

27.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _Aug 19_ , 20_20_

_____
Defendant

Subscribed and sworn to before me on _Aug 19_ , 20_20_

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: BENJAMIN        Digitally signed by BENJAMIN
    SANDEL (Affiliate)  SANDEL (Affiliate)
                       Date: 2020.08.18 15:04:04 -05'00'
_____
Benjamin C. Sandel
Special Assistant United States Attorney
Southern District of Texas
713-567-9726

_____
Heather Hughes
Attorney for Defendant

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| SABRINA MARIE ADDISON- | § | |
| GUILLORY, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending Information.

I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual

and Policy Statements and I have fully and carefully explained to Defendant the provisions of

those Guidelines which may apply in this case.  I have also explained to Defendant that the

Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum

allowed by statute per count of conviction.  Further, I have carefully reviewed every part of this

plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this

agreement is an informed and voluntary one.

_____        8/18/20
Heather Hughes                  _____
Attorney for Defendant          Date

13

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____   _____
Defendant                             Date   8 | 17 | 20

14